MORING, administratrix, *v.* HOLTON *et al.*

ATKINSON, J. This was a petition for injunction to restrain the use of certain timber for turpentine purposes. The judge refused an injunction as to trees that are above 14 inches in diameter 18 inches from the

ground, and the petitioners excepted. Under the pleadings and the evidence, whether the injunction should have been granted or refused depends upon the construction of the following language in the lease and sale contract, to wit: "The said J. J. Moring [the owner and lessor] has granted, bargained, and conveyed, and by these presents does bargain, sell, and convey unto D. D. Wright [the lessee], his heirs and assigns, all the timber, both pine and hardwood, suitable for sawmill, staves, or shingle purposes, on" a certain described tract of land. The court below construed the expression, "all timber suitable for sawmill, staves, or shingle purposes," to be a "description of the timber, and not a limitation on its use." Under this construction the refusal of an injunction as to timber suitable for sawmill purposes was proper, and the court below did not err in the construction placed upon the language. It was authorized under the decision by this court in *Gray Lumber Co.* v. *Gaskin*, 122 *Ga.* 342 (50 S. E. 164).

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent for providential cause.*

No. 7163. FEBRUARY 28, 1930.

*Alford & Williams* and *G. H. Williams,* for plaintiff in error.
*Alfred Herrington Jr.,* contra.

